UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:10-cr-236-VMC-TGW

SHANE GANGADHAR

______________________________/

**ORDER**

This matter comes before the Court pursuant to Defendant Shane Gangadhar's Motion to Terminate Supervised Release (Doc. # 33), filed on September 9, 2026. The United States of America responded in opposition on September 23, 2026. (Doc. # 36). The Motion is denied.

**Discussion**

Pursuant to 18 U.S.C. § 3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); see also 18 U.S.C. § 3553(a) (including, among other relevant factors, "the nature and

circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant").

In December 2010, Mr. Gangadhar was sentenced to a below-guidelines sentence of 60 months' imprisonment, followed by a lifetime term of supervised release, for receipt of child pornography. (Doc. ## 20, 21). He began supervised release in July 2015. (Doc. # 36 at 2).

Now, Mr. Gangadhar seeks early termination of his supervised release. (Doc. # 33). Mr. Gangadhar emphasizes that he has satisfied all conditions of his supervised release. (Id. at 1). He "has been gainfully employed at Denny's Electronics since his release from incarceration." (Id. at 2). He also notes visa issues that his being on supervised release has caused. The Court granted Mr. Gangadhar permission to travel to India in 2022 to get married to a woman who lives in India. (Doc. # 26). Although Mr. Gangadhar traveled to and got married in India in 2022, he reports that "when he returned to the U.S., India revoked his [visa] because of his charge." (Doc. # 33 at 1). Because of this and his wife's pending immigration application to come

to the United States, Mr. Gangadhar "has not been allowed to see his wife in person now for 4 years." (Id. at 2). Mr. Gangadhar's "immigration lawyer believes if the supervised release is terminated, India will allow him to re-enter and visit with his wife." (Id.). Thus, to increase the likelihood that India will grant him a visa, Mr. Gangadhar requests early termination of his supervised release.

The Court commends Mr. Gangadhar on his good behavior on supervision and the positive steps he has taken in his life. Nevertheless, the Court does not believe that early termination is appropriate based on Mr. Gangadhar's compliance with the terms of his supervision. See Karacsonyi v. United States, 152 F.3d 918 (2d Cir. 1998) ("Although Karacsonyi argued that he had complied with the terms of his supervised release, he did not allege that his behavior was 'exceptionally good.' Full compliance, after all, is merely what is expected of all people serving terms of supervised release."); United States v. Graham, No. 2:16-cr-326-ECM, 2024 WL 5080233, at *2 (M.D. Ala. Dec. 11, 2024) ("While the Court appreciates the fact that the Defendant has complied with the conditions imposed on him by this Court, the Court finds that the Defendant's compliance is the minimum expectation and is not an adequate, independent basis for

early termination of supervised release.”). Indeed, the “conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination.” United States v. Lohman, No. 02-CR-219, 2007 WL 1430282, at *1 (E.D. Wis. May 15, 2007). While Mr. Gangadhar has been compliant and remained employed, his behavior does not rise to the level of “exceptionally good” conduct that justifies early termination.

Nor do Mr. Gangadhar’s visa issues warrant early termination. As the United States accurately puts it, Mr. Gangadhar’s difficulties in traveling to India to visit his wife were created by “his own actions in marrying an individual who resided in a foreign country while he is subject to the jurisdiction of this Court and the supervision of the United States Probation Office.” (Doc. # 36 at 5). Furthermore, the Court agrees with the United States that a long term of supervised release here “is critical because it will subject [Mr. Gangadhar] to ongoing monitoring.” (Id.). Such ongoing monitoring is necessary “to afford adequate deterrence to criminal conduct” and “to protect the public

from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

Considering all the above and the relevant Section 3553(a) factors, the Motion is denied. However, the Court is open to reconsidering early termination after Mr. Gangadhar has served fifteen years on supervised release.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Shane Gangadhar's Motion to Terminate Supervised Release (Doc. # 33) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of September, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE